United States District Court
Southern District of Texas
**ENTERED**
October 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RESOLUTE OIL, LLC, § § § Plaintiff, § VS. § § BMO HARRIS BANK NA, § § Garnishee-Defendant, § § AND § § AOCLSC, INC. § § Intervenor-Defendant § | CIVIL ACTION NO. 4:19-CV-03390 |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is intervenor AOCLSC, Inc.'s ("AOCLSC") motion to dissolve writ of garnishment. (Dkt. 9). The plaintiff, Resolute Oil, LLC ("Resolute Oil"), has filed a response in opposition to the motion (Dkt. 15), and AOCLSC has filed a reply (Dkt. 35). After having carefully considered the motion, response, reply, the pleadings and the applicable law, the Court determines that AOCLSC's motion should be **GRANTED**.

### II. FACTUAL BACKGROUND

On July 8, 2019, Resolute Oil obtained a default judgment in Texas state court against non-party Lubricating Specialties Company ("LSC") for past-due amounts owed by LSC to Resolute Oil for purchases of oil. The judgment awarded Resolute Oil: (1) $769,016.54 in actual damages; (2) $6,435 in attorney's fees; (3) $6,025.72 in pre-judgment interest; (4) taxable court costs; and (5) post-judgment interest at a rate of 5.5% per annum. Following Resolute Oil's application, the state court issued a writ of garnishment on July 17, 2019, which was served on

garnishee BMO Harris Bank, N.A. ("the Bank") on July 18, 2019. In its original answer, the Bank admitted that it possessed funds purportedly belonging to LSC but also that on August 7, 2019, third party AOCLSC notified the Bank that it owned some of or all such funds. The Bank debited the accounts then held in the name of LSC and transferred all funds to a segregated account.

On August 26, 2019, AOCLSC intervened in the state court proceeding and alleged in its petition that, at the time the writ was served, it was the true owner of the garnished accounts and all funds therein, which were among the assets it had purchased from LSC pursuant to an Asset Purchase Agreement dated May 28, 2019 (the "Agreement"). On September 6, 2019, AOCLSC removed the case to this Court. On September 26, 2019, the Court granted the Bank's interpleader, ordering that the Bank deposit $829,727 from the disputed accounts into the Court's registry and dismissing the Bank from the lawsuit with prejudice. The Bank deposited the funds into the Court's registry on October 7, 2019.

On October 9, 2019, AOCLSC filed a motion to dissolve the writ of garnishment on the basis that the writ was improperly executed against property belonging to AOCLSC. AOCLSC asserts that AOCLSC and LSC are distinct entities without any common ownership or management interests. AOCLSC further argues that on May 28, 2019—prior to both the entry of default judgment against LSC and service of the writ on the Bank—AOCLSC and LSC entered into the Agreement for the purchase of all of LSC's cash, cash equivalents, accounts or notes receivable, inventory, and other assets that included the garnished accounts.

Resolute Oil opposes dissolution of the writ and contends that: (1) its evidence establishes that LSC, its judgment debtor, owned the disputed bank accounts at the time the writ was served; (2) AOCLSC failed to present probative evidence that it was the legal or actual owner of the

accounts at the time the writ was served; and (3) Resolute Oil holds a secured garnishment lien that is senior to what it calls AOCLSC's "contractual" right to the funds in the garnished accounts.

## III. APPLICABLE LAW

Garnishment is a *quasi in rem* proceeding used by a creditor to reach property of the debtor that is in the possession of a third party, the garnishee. *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 589 (5th Cir. 2006) (citing *Stena Rederi AB v. Comision de Contratos del Comite Ejecutivo Gen. del Sindicato Revolucionario de Trabajadores Petroleros de la Republica Mexicana, S.C.*, 923 F.2d 380, 391 (5th Cir. 1991)). Such a proceeding, which involves an action in aid of execution on a judgment, is governed by the law of the state where the court is located, to the extent it does not conflict with federal law. Fed. R. Civ. P. 69(a). *See also* Tex. Civ. Prac. & Rem. Code §§ 63.001–.008 and Tex. R. Civ. P. 657–79 (governing garnishment actions).

"In Texas, the writ of garnishment applies to debt obligations the garnishee owes to the debtor and property belonging to the debtor but in the garnishee's possession, from the time the garnishee is served with the writ of garnishment to the time the garnishee must answer the writ." *FG Hemisphere Assocs.*, 455 F.3d at 589 (citing Tex. R. Civ. P. 659). "Apart from proof of the grounds supporting issuance of the writ, the party moving to dissolve the writ bears the burden to prove the ground for dissolution." *Pallida, LLC v. Uballe*, 03-18-00365-CV, 2018 WL 6816680, at *1 (Tex. App.—Austin Dec. 28, 2018, no pet.) (citing *Walnut Equip. Leasing Co. v. J-V Dirt &Loam*, 907 S.W.2d 912, 915 (Tex. App.—Austin 1995, writ denied). *See also Exterior Bldg. Supply, Inc. v. Bank of America, N.A.*, 270 S.W.3d 769, 772 (Tex. App.—Dallas 2008, no pet.) (providing that even where a garnishor proves the grounds for issuance of a writ, the writ may be dissolved if the party challenging garnishment establishes an independent ground for dissolution).

Texas courts have established that "equitable title to the property sought to be reached

prevails over bare legal title to the property." *RepublicBank Dallas v. Nat'l Bank of Daingerfield*, 705 S.W.2d 310, 311 (Tex. App.—Texarkana 1986, no writ) (citing *Silsbee State Bank v. French Market Grocery Co.*, 132 S.W. 465 (Tex. 1910)). At bottom, the question of ownership turns on which party is "found in full possession and control of the money deposited." *In re IFS Fin. Corp.*, 669 F.3d 255, 263 (5th Cir. 2012) (citing *Silsbee State Bank*, 705 S.W.2d at 466).

## IV. ANALYSIS AND DISCUSSION

### A. Motion to Dissolve Writ of Garnishment

AOCLSC asserts that it was the true owner of the garnished accounts at the time the plaintiff effected service of the writ on the Bank. As evidence, AOCLSC attaches copies of registration documents filed by AOCLSC and LSC, respectively, with the Secretaries of State of Florida and California. These registration documents, combined with the affidavit of AOCLSC's Assistant Secretary Kenneth Barkett, dated October 8, 2019, and the affidavit of LSC's Chief Executive Office Sydney Thwaites, dated August 7, 2019, establish that AOCLSC and LSC were distinct and unrelated entities during all times relevant to this motion.

AOCLSC also attaches a partial and redacted version of the Agreement. Section 2.01 of the Agreement provides that LSC "shall sell, assign, transfer, convey, and deliver" to AOCLSC "all of the assets, properties, and rights of every kind and nature, whether real, personal, or mixed, tangible or intangible (including goodwill), wherever located (other than Excluded Assets), which related to or are used or held for use in connection with the Business (collectively, the "Purchased Assets")." Section 2.01 states that the Purchased Assets include "cash and cash equivalents" and "all accounts or notes receivable . . . , and any security, claim, remedy, or other right related to any of the foregoing." AOCLSC also cites to a separate affidavit of Mr. Barkett, dated August 12, 2019, in which Barkett states that the sale of LSC's assets described in the Agreement closed on

May 28, 2019, the date the Agreement was executed. Barkett further states in the affidavit that "approximately 70 percent of the garnished funds were the result of sales made by AOCLSC after AOCLSC purchased LSC's assets, and the remaining approximately 30 percent were the result of payments of LSC's accounts receivables." Additionally, Barkett's and Thwaites' affidavits both state that at the time the writ was served on the Bank, AOCLSC and LSC were "in the process" of changing the accountholder name associated with the garnished accounts from LSC to AOCLSC.

Resolute Oil attempts to controvert AOCLSC's evidence of ownership by pointing to an admission by the latter's counsel in an email exchange that "at all relevant times, the name on the [garnished] accounts was LSC." However, AOCLSC has established that on July 18, 2019, the date that the writ was served, it had both (1) purchased the garnished accounts and (2) exercised the power to make deposits into those accounts. Resolute Oil has also failed to controvert evidence that the funds in the disputed accounts at the time the writ was served were either proceeds of AOCLSC's sales of its newly acquired assets or payments made on the receivables that AOCLSC had acquired from LSC. Because AOCLSC has demonstrated that it, and not LSC, had actual control of the garnished accounts on the date the writ was served, AOCLSC has established an independent ground to dissolve the writ of garnishment. *Exterior Bldg. Supply, Inc.*, 270 S.W.3d at 772 (affirming dissolution of a writ of garnishment where the intervenor established that it was a separate entity from the judgment debtor and that the intervenor held the garnished accounts).

### B.   Attorney's Fees

In its motion, AOCLSC requests that the plaintiff "be required to pay the attorney's fees and costs incurred by AOCLSC and [the Bank] in connection with the Writ." In Texas, a litigant cannot recover attorney's fees unless permitted by statute or by a contract between the parties. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999). The relevant statute must authorize

the award of attorney's fees by express terms. *First City Bank–Farmers Branch v. Guex*, 677 S.W.2d 25, 30 (Tex.1984). Because AOCLSC has not offered a statutory basis for this Court to award costs and attorney's fees to any party, the Court declines to do so here.

## V.     ORDER

Based on the foregoing analysis and discussion, the Court finds that the intervenor's motion to dissolve the writ of garnishment should be GRANTED. It is, therefore, ORDERED that:

1. The intervenor's motion to dissolve the writ of garnishment is GRANTED; and
2. The amount currently held in the Court registry plus all accrued interest shall be released to the intervenor.

It is so **ORDERED**.

SIGNED on this 16th day of October, 2020.

_____

Kenneth M. Hoyt
United States District Judge

