UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RESOLUTE OIL, LLC, § § Plaintiff, § VS. § § BMO HARRIS BANK NA, § § Garnishee-Defendant, § § AND § § AOCLSC, INC. § § Intervenor-Defendant § | CIVIL ACTION NO. 4:19-CV-03390 |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is plaintiff Resolute Oil, LLC's ("Resolute") motion for reconsideration of the Court's order dissolving a writ of garnishment. (Dkt. 48). The intervenor, AOCLSC, Inc. ("AOCLSC"), has filed a response in opposition to the motion (Dkt. 51), and Resolute has filed a reply (Dkt. 52). After having carefully considered the motion, response, reply, the pleadings, and the applicable law, the Court determines that Resolute's motion should be **DENIED**.

### II. BACKGROUND[1]

The Court currently holds in its registry proceeds of bank accounts previously belonging to Resolute's judgment debtor, Lubricating Specialties Company ("LSC"). On July 18, 2019, Resolute served a garnishment writ on garnishee BMO Harris Bank (the "Bank"), which later

---

[1] A detailed factual background of this case is set forth in the Court's prior Memorandum Opinion entered October 16, 2020 (Dkt. 44).

interpleaded the account proceeds into the Court's registry. AOCLSC intervened in the state court garnishment proceeding, removed the case to this Court, and filed an opposed motion to dissolve the writ of garnishment. In its motion, AOCLSC argued that the disputed accounts and the accounts' proceeds were among the assets that AOCLSC had purchased from LSC pursuant to an Asset Purchase Agreement on May 28, 2019, weeks prior to service of the garnishment writ.

On February 13, 2020, the Court granted the parties 120 days to complete discovery related to the accounts' ownership, with the expectation that the parties would file summary judgment motions on the issue. AOCLSC's motion to dissolve remained pending, however. On June 29, 2020, more than four months after the hearing, the Court granted Resolute's request to extend the discovery period for 75 additional days, until September 12, 2020. On August 9, 2020, Resolute first served written discovery. On October 16, 2020, with summary judgment motions not having been filed, the Court issued an opinion finding that AOCLSC owned the accounts at the time the writ was served, and an order dissolving the writ and ordering the Clerk to release the funds. Resolute now asks the Court to reconsider its opinion and order, which is currently stayed.

## III. STANDARDS OF LAW

Courts address motions for reconsideration of interlocutory orders under Federal Rule of Civil Procedure 54. *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 726–27 (5th Cir. 2012) ("Rule 54 provides district court judges with authority to vacate their own findings."). The standard of review for such motions requires a determination of whether "justice requires" reconsideration—that is, "whether reconsideration is necessary under the relevant circumstances." *Contango Operators, Inc. v. U.S.*, 965 F.Supp.2d 791, 800 (S.D. Tex. 2013) (citing *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D. D.C. 2006). However, "'where litigants have once battled for the court's decision, they should neither be

required, nor without good reason permitted, to battle for it again.'" *Id.* (citing *Judicial Watch*, 466 F.Supp.2d at 123).

## IV. ARGUMENTS FOR RECONSIDERATION

Resolute makes, in essence, two sets of arguments for reconsideration of the Court's order dissolving the garnishment writ. Appealing first to equity, Resolute contends that it did not understand that AOCLSC's motion to dissolve was still pending after the February 13 hearing and that it "thought the Court would determine . . . ownership of the garnished funds through a summary judgment proceeding." Resolute also contends that it did not file a summary judgment motion sooner because AOCLSC hindered its discovery efforts aimed at obtaining documents relevant to the ownership of the disputed accounts.

On the merits, Resolute argues that the Court erred in determining that AOCLSC owned the disputed accounts at the time the writ was served. Specifically, Resolute asserts that (i) the Purchase Agreement excluded purchase of the accounts at issue; (ii) AOCLSC did not exclusively control the accounts after the Purchase Agreement was executed; and (iii) the purchase of the disputed accounts was not a legitimate, arms-length transaction.

## V. DISCUSSION

The Court is of the opinion that neither equity, nor the merits favors reconsideration. The Court recognizes that its comments during the February 13 hearing suggested resolution of the ownership issue through summary judgment motions. However, AOCLSC's motion to dissolve has always remained pending before the Court. Additionally, whereas the Court initially provided for approximately four months to complete discovery, Resolute indicates that it did not even *serve* written discovery on AOCLSC until almost six months after the February 13 hearing. Resolute does not explain this delay, except to say that after the hearing "discovery ground to a halt during

the COVID-19 pandemic." Moreover, since late February Resolute has possessed documents related to the disputed accounts that the Bank produced in response to a subpoena. Resolute's unexplained delay in seeking discovery undercuts Resolute's request for additional time to complete discovery and to subsequently file a summary judgment motion.[2] The Court must additionally weigh the fact that for almost 17 months, AOCLSC has not been able to access funds that the Court has concluded belong to AOCLSC.

Turning to the merits, Resolute's newly submitted evidence does not support reconsideration, and the Court is of the view that the additional discovery sought by Resolute would change the outcome of the dispute over the accounts' ownership. First, Resolute's argument that the Purchase Agreement excluded purchase of the disputed accounts is not persuasive. The Purchase Agreement provides for AOCLSC's purchase of "*all* of the assets, properties, and rights of every kind and nature, whether real, personal, or mixed, tangible or intangible . . . , which related to or are used or held for use in connection with" LSC's business. Thus, AOCLSC purchased the accounts held by LSC with the Bank and that are at issue here.

Second, Resolute has not offered evidence to suggest that a party other than AOCLSC controlled the disputed accounts on the day the garnishment writ was served. Resolute points to checks drawn on the disputed accounts that were issued under the electronic signature of LSC principal Sydney Thwaite between May 29 and June 5, 2019. However, Resolute's evidence does not establish that a party other than LSC controlled the accounts on July 18, 2019, the date the garnishment writ was served.[3]

---

[2] To the extent ongoing discovery concerns AOCLSC's and LSC's purported alter ego relationship, dissolution of the garnishment writ does not halt such discovery. Nor does this order prevent Resolute from later raising such arguments in support of its fraudulent transfer claim, which remains pending as part of Resolute's First Amended Complaint.

[3] In its original answer to the garnishment writ, the Bank stated that "there is a dispute as to the ownership of the property at issue . . . which Plaintiff seeks to garnish." Because the Bank's answer put into doubt the

Third, Resolute suggests that the Purchase Agreement did not memorialize an arms-length transaction because "there was significant entanglement" between LSC, AOCLSC, and Amalie Oil Company, AOCLSC's affiliate. However, neither the entities' financial transactions cited by Resolute, nor AOCLSC's subsequent employment of former LSC employees establishes anything akin to an alter ego relationship between AOCLSC and LSC. In sum, Resolute's merits arguments do not support reconsideration.

## VI. ORDER

Based on the foregoing analysis and discussion, the Court finds that the plaintiff's motion for reconsideration of the order dissolving writ of garnishment should be DENIED. It is, therefore, ORDERED that:

1. The plaintiff's motion for reconsideration of order dissolving writ of garnishment is DENIED; and

2. The amount currently held in the Court registry plus all accrued interest shall be released to the intervenor AOCLSC, Inc.

It is so **ORDERED**.

SIGNED on this 14th day of December, 2020.

Kenneth M. Hoyt
United States District Judge

---

actual ownership of the accounts, the burden shifted to Resolute to establish affirmatively that its judgment debtor owned the garnished property. *Bechem v. Reliant Energy Retail Servs., LLC*, 441 S.W.3d 839, 844 (Tex. App.—Houston [14th Dist.] 2014, no pet.). To the extent the Court's prior opinion suggested otherwise, the Court now clarifies this point.